**BERRY, SAHRADNIK, KOTZAS & BENSON**
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
212 HOOPER AVENUE
P.O. BOX 757
TOMS RIVER, NJ 08754-0757
732 349-4800

FRANKLIN  H.  BERRY,  JR.
JOHN  C.  SAHRADNIK*
STEPHEN  B.  KOTZAS Δ
LAURA M. BENSON
ROBERT  D.  BUDESA**
MARY JANE LIDAKA
LAUREN MURRAY.DOOLEY
R. SCOTT CLAYTON *

FRANKLIN  H.  BERRY  1941-1975
WILLIAM W. WHITSON 1941-1967
MAJA  L. BERRY  1948-1961

EDWARD T. FEUREY - Of Counsel
STEVEN M. HORN - Of Counsel

Telefax   732  505-3073
Toll Free   800 991-9279
E-Mail: sclayton@bskb-law.com
Web Address:  www.bskb-law.com

*   N J  &  FL  Bars
Δ  Admitted to the U.S. Tax Court
** Certified by the Supreme Court of New Jersey
    as a Workers' Compensation Law Attorney.

November 9, 2009

DOCUMENT ELECTRONICALLY FILED
Honorable Mary L. Cooper, U.S.D.J.
United States District Court for the District of New Jersey
402 East State Street, Room 2020
Trenton, NJ 08608

RE:     Palmieri v. County of Ocean, et. al.
          Civil Action No. 08:2435 (MLC)
          BSKB File No. 45392

Dear Judge Cooper:

        This office represents the County of Ocean and Sheriff Polhemus ("the County") in the above-referenced matter. The County's motion for summary judgment is returnable on November 16, 2009. Please accept this letter brief in lieu of a more formal brief as reply to Plaintiff's opposition to the County's motion.

        The County mostly relies on its original moving papers in support of its motion for summary judgment. However, the County will take this opportunity to highlight some discrepancies between its position and Plaintiff's characterization of the County's position.

        First, Plaintiff suggests that N.J.S.A. 40A:9-117, et. seq. supports the proposition that "[Sheriff Polhemus] has complete statutory authority over the sheriff's department, including policy, operations, and all personnel matters." However, Plaintiff does not refer to any particular statute. A review of the suggested authority demonstrates that both the County Board of Freeholders and the State Legislature maintain a position of authority with regards to the Sheriff's Department. See, generally, N.J.S.A. 40A:9-117 ("The sheriff shall fix the compensation they shall receive in accordance with the generally accepted county salary ranges and within the confines of the sheriff's budget allocation set by the governing body"). This is exactly what the Appellate Court meant when it held that "it is entirely clear that the Legislature controls the duties of the sheriff and the activities of his office. In re Burlington County Board of Freeholders, 188 N.J. Super. 343, 352 (App. Div. 1983).

        Despite the foregoing, Plaintiff suggests that In re Burlington County establishes a general rule that "the freeholders have no power to review [Sheriff Polhemus'] actions." The following excerpt, cited by Plaintiff, rebuts this asserted rule of law: "While the sheriff develops

Berry, Sahradnik, Kotzas, & Benson
November 9, 2009
Page 2

his budget, it is submitted to the board of freeholders for approval. His salary is fixed by the Legislature and paid by the county. N.J.S.A. 40A:9-104. The operation of the county jail may be undertaken by the sheriff or the board of freeholders, depending upon the decision of the latter."

In accordance with the laws of the State of New Jersey, as cited in part above, it is clear that the Sheriff is not the policy make for the County of Ocean. Rather, it is the Legislature that "controls the duties of the sheriff." As such, the County cannot be held liable for any allegedly tortious acts committed by Sheriff Polhemus. Therefore, the County of Ocean is entitled to summary judgment as a matter of law.

With respect to the allegations of retaliation in violation of the First Amendment, the rule to be applied in this case is that no relief is to be afforded a plaintiff where the defendant is able to establish that the same decisions would have been made had the protected conduct not played a substantial role." Suppan v. Dadonna, 203 F.3d 228, 236 (3d Cir. 2000).

Ultimately, as set forth in the County's original brief, Plaintiff was transferred to lateral positions within the Ocean County Sheriff's Department as a result of his own misconduct on the job and as a result of requests from other entities (i.e. the Ocean County Prosecutor and the U.S. Marshall's Office). As such, Plaintiff's running for office and the comments he made during his campaign and otherwise, played no role in the decision to transfer Plaintiff from one division to another. This defense to Plaintiff's allegations has been substantiated by the evidence in this case. See, Exhibits attached to the County's brief. Furthermore, the timeline of events in this case shows that Sheriff Polhemus did not retaliate against Plaintiff after Plaintiff ran for office but rather transferred him from the Courts Division to the Warrants Division and then the U.S. Marshall's Office. Plaintiff characterizes these transfers as promotions. These "promotions" occurred after Plaintiff's two runs for office. Plaintiff also described collaborating with Sheriff Polhemus in 2000 to ensure his re-election as Sheriff of Ocean County. To come now, many years later, and suggest that Sheriff Polhemus somehow sought to penalize Plaintiff for an unsuccessful bid for political office is completely disingenuous. The facts of this case show that Sheriff Polhemus has done everything within his power to avoid further disciplining Plaintiff so as to not negatively impact his retirement, which is pending, if not imminent.

For all of these reasons and for the reasons set forth in the County's original brief in support of the motion, the County and Sheriff Polhemus are entitled to summary judgment as a matter of law.

Thank you for your attention to this matter. If you have any questions regarding the foregoing, please do not hesitate to contact this office.

Respectfully submitted,
**BERRY, SAHRADNIK, KOTZAS & BENSON**

/s/ R. Scott Clayton

R. Scott Clayton, Esq.